LSK&D #: 601-7014 / 893741

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

ESAM YOUSEF,

                                        Plaintiff,

            -against-

TRUCKLEASE CORPORATION, JOHN DOE, an
individual whose identity is unknown, and
WEBSTER TRUCKING CORP.,

                                        Defendants.

-------------------------------------------------------------x

**JUDGE LYNCH**

**07 CIV 6109**

Docket No.:

**PETITION FOR
REMOVAL**

**TRIAL BY JURY
DEMANDED**

RECEIVED
JUN 28 2007
U.S.D.C. S.D. N.Y.
CASHIERS

TO:    **THE JUDGES OF THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF NEW YORK**

The Petition of the defendants, TRUCKLEASE CORPORATION and WEBSTER TRUCKING

CORP. respectfully shows:

        1.      On or about May 7, 2007 (not the service date), an action was commenced against

the Petitioners in the Supreme Court, State of New York, County of Bronx, which is entitled

Esam Yousef v. Trucklease Corporation, John Doe, an individual whose identity is unknown,

and Webster Trucking Corp.  A copy of the Summons and Complaint is annexed hereto as

Exhibit "A."

        2.      The above-described action is one in which the Court has original jurisdiction

under the provision of 28 U.S.C. §1332 as one that may be removed to this Court, pursuant to 28

U.S.C. §1441, in that it is a civil action and upon information and belief, the matter in

controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000.00), exclusive of

interest and costs, and is between citizens of different states.

3.    Plaintiff resided at the time that this action was commenced in the State of New York, County of Bronx, as is indicated on the face of the Summons and Complaint annexed hereto as Exhibit "A."

4.    Petitioner, TRUCKLEASE CORPORATION is a Massachusetts Corporation having its principle place of business in Worchester, Massachusetts, specifically its principal executive office at Worchester, Massachusetts and WEBSTER TRUCKING CORP., is a Vermont Corporation having its principal place of business in Burlington in the State of Massachusetts, specifically its principal executive office at Burlington, Massachusetts.

**WHEREFORE**, Petitioner, TRUCKLEASE CORPORATION and WEBSTER TRUCKING CORP., prays that this action now pending against them in the Supreme Court of the State of New York, County of Bronx, be removed therefrom to this Court.

Dated:    New York, New York
          June 28, 2007

Yours, etc.

LESTER SCHWAB KATZ & DWYER, LLP

Leonard Silverman (LS-7579)
Attorneys for Defendants
TRUCKLEASE CORPORATION and WEBSTER TRUCKING CORP.
120 Broadway
New York, New York 10271
(212) 964-6611

TO:

JESSE BARAB, ESQ.
30 Park Circle
White Plains, New York 10603
P: (212) 781-0633
F: (212) 781-6203
Attorney for Plaintiff

STATE OF NEW YORK    )
                            ) SS.:
COUNTY OF NEW YORK)

      **LEONARD SILVERMAN,** being duly sworn, according to law, deposes and says that

he is one of the attorneys for the within named Petitioners TRUCKLEASE CORPORATION and

WEBSTER TRUCKING CORP., that he has read the foregoing Petition for Removal and that

the statements therein are true in substance and to his knowledge.

                                       Yours, etc.

                                       LESTER SCHWAB KATZ & DWYER, LLP

                                       Leonard Silverman (LS-7579)
                                        Attorneys for Defendants
                                        TRUCKLEASE CORPORATION and WEBSTER
                                        TRUCKING CORP.
                                        120 Broadway
                                        New York, New York  10271
                                        (212)  964-6611

Sworn to before me this
28th day of June, 2007

**Shatima Ody**
**Notary Public State of NY**
**No. 01OD6131227**
**Qualified in Queens County**
**Commission Expires 08-1-09**

LSK&D #: 601-7014 / 893741

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-------------------------------------------------------------------x

ESAM YOUSEF,

                            Plaintiff,

              -against-

TRUCKLEASE CORPORATION, JOHN DOE, an
individual whose identity is unknown, and
WEBSTER TRUCKING CORP.,

                         Defendants.

-------------------------------------------------------------------x

**Index No.: 14884/07**

**NOTICE OF REMOVAL**

      **PLEASE TAKE NOTICE**, that on the 28th day of June, 2007, defendants filed a Petition

for Removal, a copy of which is annexed hereto, with the United States District Court for the

Southern District of New York.

Dated:      New York, New York
           June 28, 2007

                        Yours, etc.

                        LESTER SCHWAB KATZ & DWYER, LLP

                        Leonard Silverman (LS-7579)
                        Attorneys for Defendants
                        TRUCKLEASE CORPORATION and WEBSTER
                        TRUCKING CORP.
                        120 Broadway
                        New York, New York  10271
                        (212)  964-6611

TO:

JESSE BARAB, ESQ.
30 Park Circle
White Plains, New York 10603
P: (212) 781-0633
F: (212) 781-6203
Attorney for Plaintiff

# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

RECEIVED
5/29/07
WEB0440

------------------------------------------------X

ESAM YOUSEF,

      Plaintiff,

            -against-

TRUCKLEASE CORPORATION, JOHN DOE,
an individual whose identity is unknown, and
WEBSTER TRUCKING CORP.,

        Defendants.

------------------------------------------------X

INDEX NO. 14884/07
Date Purchased: MAY 8, 2007
Plaintiffs designate
Bronx County as the
place of trial
The basis of venue is
Plaintiff Yousef's residence

**SUMMONS**

Plaintiff Esam Yousef
resides at 300 Briggs Avenue,
Bronx, New York 10458

To the above named Defendants

   YOU ARE HEREBY SUMMONED to answer the complaint in this action and to
serve a copy of your answer, or, if the complaint is not served with this summons, to
serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service
of this summons, exclusive of the day of service (or within 30 days after the service is
complete if this summons is not personally delivered to you within the State of New
York); and in case of your failure to appear or answer, judgment will be taken against you
by default for the relief demanded in the complaint.

Dated: Westchester, New York
    May 7, 2007

                JESSE BARAB, ESQ.
                Attorney for Plaintiff
                30 Park Circle White Plains,
                New York 10603
                (212) 781-0633

## Defendants' addresses:

TRUCKLEASE CORPORATION
46 West Boylston Street
Worcester, MA. 01605

WEBSTER TRUCKING CORP.
20 A Street
P.O. Box 388
Burlington, MA 01803

2



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------------------X

ESAM YOUSEF,

           Plaintiff,                       **VERIFIED COMPLAINT**

        -against-

                                  INDEX NO.

TRUCKLEASE CORPORATION, JOHN DOE,
an individual whose identity is currently unknown,
and WEBSTER TRUCKING CORP.,
             Defendants,

--------------------------------------------------------------------X

      Plaintiff, ESAM YOUSEF, complaining of the Defendants herein, by his attorney,

JESSE BARAB, ESQ., respectfully set forth and alleges as follows:

      1.   That at the time of the commencement of this action, plaintiff ESAM

YOUSEF (hereinafter "Mr. Yousef") resided in the City and State of New York, County

of Bronx.

      2.   Upon information and belief, those at all times mentioned herein, the

defendant TRUCKLEASE CORPORATION was and still is a foreign corporation duly

licensed to do business in the State of New York and was doing business in the State of

New York.

      3.   Upon information and belief, those at all times mentioned herein, the

defendant WEBSTER TRUCKING CORP. was and still is a foreign corporation duly

licensed to do business in the State of New York and was doing business in the State of

New York.

4. Upon information and belief, that at all times herein mentioned, Defendant TRUCKLEASE CORPORATION was the owner of a motor vehicle bearing New York license plate no. 21693PA.

5. Upon information and belief, that at all times herein mentioned, Defendant WEBSTER TRUCKING CORP. was the owner of a motor vehicle bearing New York license plate no. 21693PA.

6. Upon information and belief, that at all times herein mentioned, Defendant WEBSTER TRUCKING CORP. was the lessee of a motor vehicle bearing New York license plate no. 21693PA.

7. Upon information and belief at all times herein mentioned the defendant JOHN DOE was an agent/employee of the defendant WEBSTER TRUCKING CORP. and that said agent/employee acted within the scope of his/her agency.

8. Upon information and belief at all times herein mentioned the defendant JOHN DOE was an agent/employee of the defendant TRUCKLEASE CORPORATION and that said agent/employee acted within the scope of his/her agency.

9. Upon information and belief, that all the times herein mentioned, Defendant, JOHN DOE, was in physical charge, operation, management and control of the aforesaid motor vehicle owned by Defendant, TRUCKLEASE CORPORATION, with the knowledge, consent and permission, either expressed or implied, of the Defendant owner thereof.

10. Upon information and belief, that all the times herein mentioned, Defendant, JOHN DOE, was in physical charge, operation, management and control of the aforesaid motor vehicle owned and/or leased by Defendant, WEBSTER TRUCKING CORP., with

4

Form 45 ·  JESSE BARAB, ESQ.
ATTN:

SUPREME COURT    BRONX   COUNTY
---------------------------------------------------

ESAM YOUSEF                              plaintiff

           - against -

TRUCKLEASE CORPORATION ETAL             defendant
---------------------------------------------------

Index No. 14884/07

Date Filed  . . . . . . . . . . . . .

Office No.

Court Date:    /  /

PLEASE TAKE NOTICE that pursuant to the provisions of Section 253/254 of the Vehicle and Traffic Laws of the State of New York, the

    SUMMONS AND VERIFIED COMPLAINT

in the above entitled action was served upon you personally on:

    21st day of May, 2007 at

by delivering a true copy thereof to the regularly established office of the Secretary of State, of the State of New York, at 123 William St,19th Fl in the Borough of Manhattan, City of New York together with the statutory fee of $10.00.

    And Please Take Further Notice, that we are sending you herewith, by certified mail return receipt requested another true copy of the

    SUMMONS AND VERIFIED COMPLAINT

in this action.

Dated: 05/25/2007

                           Yours truly,

                           JESSE BARAB, ESQ.
                           3JB536825

To:  WEBSTER TRUCKING CORP.

    20 A STREET, P.O.BOX 338
    BURLINGTON, MA 01803

the knowledge, consent and permission, either expressed or implied, of the Defendant owner thereof.

11.  Upon information and belief, that at all times herein mentioned, Defendant TRUCKLEASE CORPORATION was the owner of a tractor trailer motor vehicle bearing New York registration.

12.  Upon information and belief, that at all times herein mentioned, Defendant WEBSTER TRUCKING CORP. was the owner of a tractor trailer motor vehicle bearing New York registration.

13.  Upon information and belief, that at all times herein mentioned, Defendant WEBSTER TRUCKING CORP. was the lessee of a motor vehicle bearing New York registration.

14.  Upon information and belief at all times herein mentioned the defendant JOHN DOE was an agent/employee of the defendant WEBSTER TRUCKING CORP. and that said agent/employee acted within the scope of his/her agency.

15.  Upon information and belief at all times herein mentioned the defendant JOHN DOE was an agent/employee of the defendant TRUCKLEASE CORPORATION and that said agent/employee acted within the scope of his/her agency.

16.  Upon information and belief, that all the times herein mentioned, Defendant, JOHN DOE, was in physical charge, operation, management and control of the aforesaid motor vehicle owned by Defendant, TRUCKLEASE CORPORATION, with the knowledge, consent and permission, either expressed or implied, of the Defendant owner thereof.

17.  Upon information and belief, that all the times herein mentioned, Defendant, JOHN DOE, was in physical charge, operation, management and control of the aforesaid

5

motor vehicle owned and/or leased by Defendant, WEBSTER TRUCKING CORP., with the knowledge, consent and permission, either expressed or implied, of the Defendant owner thereof.

18. Upon information and belief, that at all times herein mentioned, Plaintiff ESAM YOUSEF was the owner and operator of a motor vehicle bearing New York license plate no. CTF8255.

19. That on or about May 8, 2004, at or about Major Deegan Expressway at or near its intersection with Van Cortlandt Ramp, in the City and State of New York, County of Bronx, the defendants caused their aforesaid motor vehicle to strike the aforesaid vehicle operated by the plaintiff.

20. That as result of the foregoing, Plaintiff was thrown about and was caused to and did sustain severe and serious personal injuries.

21. That the aforesaid occurrence and the injuries sustained by the Plaintiff were caused wholly and solely by reason of the carelessness and negligence of the defendants.

22. That this Plaintiff has sustained a serious injury as the same is defined in Section 5102(d) of the Insurance Law of the State of New York and/or economic loss as defined in Section 5102(d) of the Insurance Law of the State of New York.

23. That this action falls within one or more of the exceptions set forth in Section 1602 of the CPLR.

24. That as a result of the foregoing, plaintiff, ESAM YOUSEF, sustained damages in excess of the jurisdictional limits of all lower courts.

WHEREFORE, plaintiff, ESAM YOUSEF, demands judgment against the defendants, in an amount in excess of the jurisdictional limits of all lower courts; together with the costs and disbursements of this action.

6

DATED: Westchester, New York
May 7, 2007

Yours, etc.

JESSE BARAB
Attorney for Plaintiff
30 Park Circle
White Plains, New York 10603
(212) 781-0633

7

STATE OF NEW YORK        )
                                )    ss.:

COUNTY OF WESTCHESTER   )

      JESSE BARAB, ESQ., being an attorney duly licensed to practice in the State of New York, affirms the following is true under the penalties of perjury:

      That I am the attorney for the Plaintiff in the within action and maintain my office at 30 Park Circle, White Plains, New York 10603.

      That I have read the foregoing Complaint and know the contents thereof; that the same is true to my own knowledge except as to the matters therein stated to be alleged upon information and belief and that as to those matters I believe them to be true.

      Deponent further states that the grounds of his belief as to all matters not stated upon his knowledge are based upon written data and reports in my file and upon conversations and correspondence with the Plaintiffs and upon investigation made by your deponent.

      The reason why this verification is made by deponent and not by the Plaintiff is that the Plaintiffs reside outside of the County of Westchester, the County wherein your deponent maintains his office for the practice of his profession.

Dated: Westchester, New York
       May 7, 2007

                                    JESSE BARAB, ESQ.

8

# EXHIBIT "B"

LSK&D #: 601-7014 / 893639

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-------------------------------------------------------------X

ESAM YOUSEF,

                                    **Index No.: 14884/07**

                         Plaintiff,

         -against-                    **VERIFIED ANSWER**

TRUCKLEASE CORPORATION, JOHN DOE,
an individual whose identity is unknown, and
WEBSTER TRUCKING CORP.,

                           Defendants.

-------------------------------------------------------------X

      Defendants, TRUCKLEASE CORPORATION and WEBSTER TRUCKING

CORP., by their attorneys, LESTER SCHWAB KATZ & DWYER, LLP, answering

plaintiff's Verified Complaint dated May 7, 2007 respectfully states as follows:

      1.  Deny any knowledge or information sufficient to form a belief as to the

allegations contained in paragraphs "1", "2", "7", "8", "9", "10", "11", "12", "13", "14", "15",

"16", "17" and "18" of the Verified Complaint.

      2.  Deny each and every allegation contained in paragraphs "5", "19",

"20", "21", "22" and "24" of the Verified Complaint.

      3.  Deny each and every allegation contained in paragraph "23" of the

Verified Complaint, but begs leave to refer all questions of law to the Court at the trial of

this action.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

      4.  That any injuries and/or damages sustained by the plaintiff, as alleged

in the Verified Complaint herein, were caused in whole or in part by the contributory

negligence and/or culpable conduct of each plaintiff and not as a result of any

contributory negligence and/or culpable conduct on the part of this answering defendant.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

5. That one or more of the causes of action are time barred pursuant to the applicable Statute of Limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

6. That the defendants were not served in accordance with the provisions of the Civil Practice Law and Rules and the court, therefore, lacks jurisdiction over the entity of the defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

7. The Verified Complaint of the plaintiff fails to state a cause of action cognizable in law or equity against this answering defendant and the Verified Complaint must therefore be dismissed.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

8. The liability of this defendant, if any, to the plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom plaintiff(s) could have obtained personal jurisdiction with due diligence.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

9. That if the plaintiff sustained the injuries complained of in the manner alleged, said injuries were caused by the negligence of parties over whom the answering defendant was not obligated to exercise supervision or control.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

10. In the event plaintiff recovers a verdict or judgment against this defendant, then said verdict or judgment must be reduced pursuant to CPLR 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefit programs.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

11. The accident described in the Complaint did not result in a "serious injury" to any plaintiff as so defined in and by Section 5102(d) of the Insurance Law of the State of New York, and as such, plaintiff had and has no right to institute, maintain or prosecute this action and are barred from doing so.

12. The plaintiff did not sustain serious injury as defined by Section 5102(d) [formerly Section 671 (4)a and (4)b] of the Insurance Law of the State of New York, and (his, her or their) exclusive remedy therefore is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

13. The plaintiff was negligent in not wearing a seat belt at the time of the occurrence and under the applicable law may not recover damages for those injuries which plaintiff would not have received if a seat belt had been worn.

**WHEREFORE,** the answering defendant demands judgment dismissing the Verified Complaint of the plaintiff, together with the attorneys' fees, costs and

disbursements of this action.

Dated:        New York, New York
              June 27, 2007

                          Yours, etc.

                          LESTER SCHWAB KATZ & DWYER, LLP

                          _____
                          Robert N. Dunn
                          Attorneys for Defendants TRUCKLEASE
                          CORPORATION and WEBSTER TRUCKING
                          CORP.
                          120 Broadway
                          New York, New York  10271
                          (212)  964-6611

TO:

JESSE BARAB, ESQ.
30 Park Circle
White Plains, New York 10603
P: (212) 781-0633
F: (212) 781-6203
Attorney for Plaintiff

## ATTORNEY'S VERIFICATION

The undersigned affirms the following statement to be true under the penalty of perjury pursuant to Rule 2106 of the Civil Practice Law and Rules.

That he is a member of the firm of LESTER SCHWAB KATZ & DWYER, LLP, attorneys for defendant, TRUCKLEASE CORPORATION and WEBSTER TRUCKING CORP..

That he has read the foregoing document and knows the contents thereof, and that the same is true to the knowledge of your deponent except as to the matters therein alleged upon information and belief and that as to those matters he believes them to be true.

That the reason why this affirmation is being made by your deponent and not by the said defendant is that said corporation does not maintain an office with an officer having knowledge of the facts in the county where your affirmant's firm maintains its offices.

That the source of your deponent's information and the grounds of his belief as to all the matters therein alleged upon information and belief are reports from and communications had with said corporation.

Dated: New York, New York
      June 27, 2007

_____
Robert N. Dunn

STATE OF NEW YORK       )
                             ) ss

COUNTY OF NEW YORK   )

    **CINDY M. BENENATI**, being duly sworn, deposes and says that she is not a party to this action, is over the age of 18 years and resides in Richmond County.  That on June 27, 2007, she served the within VERIFIED ANSWER upon:

> JESSE BARAB, ESQ.
> 30 Park Circle
> White Plains, New York 10603
> P: (212) 781-0633
> F: (212) 781-6203
> Attorney for Plaintiff

by depositing a true copy of same securely enclosed in a post paid wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

**CINDY M. BENENATI**

Sworn to before me this
27th day of June, 2007

JESSICA A. ROJAS
Notary Public, State of New York
No. 01RO4997633
Qualified in New York County
Commission Expires July 30, 20 10

STATE OF NEW YORK        )
                         ) ss
COUNTY OF NEW YORK       )

     **MARY E. MAGEE**, being duly sworn, deposes and says that she is not a party to this action, is over the age of 18 years and resides in Queens County.  That on June 28, 2007, she served the within **NOTICE OF REMOVAL, CIVIL COVER SHEET, RULE 7.1 CERTIFICATE AND PETITION FOR REMOVAL** upon:

> JESSE BARAB, ESQ.
> 30 Park Circle
> White Plains, New York 10603
> P: (212) 781-0633
> F: (212) 781-6203
> Attorney for Plaintiff

by depositing a true copy of same securely enclosed in a post paid wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

                                      **MARY E. MAGEE**

Sworn to before me this
28th day of June, 2007

JESSICA A. ROJAS
Notary Public, State of New York
No. 01RO4997633
Qualified in New York County
Commission Expires July 30, 20___10